FILED
COURT OF APPEALS
DIVISION II

2013 DEC 10 AM 9: 54

STATE OF WASHINGTON

BY _____
                DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FUTUREWISE, | No. 43643-4-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| GROWTH MANAGEMENT HEARINGS BOARD, an agency of the State of Washington; PACIFIC COUNTY; and the CITY OF LONG BEACH; | |
| Respondent. | |

MAXA, J. – Futurewise appeals from the superior court's affirmation of the Western Washington Growth Management Hearings Board's order ruling that Pacific County's 2010 updated comprehensive plan complied with the Growth Management Act (GMA), chapter 36.70A RCW. Futurewise argues that the updated comprehensive plan violated the GMA by (1) adopting new criteria for designating agricultural lands but failing to apply the new criteria to designate additional agricultural lands, (2) deviating from the statutory definition of "agricultural land", and (3) improperly classifying agricultural lands as "rural agriculture" on Pacific County's land-use map. We disagree and affirm.

## FACTS AND LEGAL BACKGROUND

The GMA applies to counties meeting the population criteria of RCW 36.70A.040(1) and to less populous counties that opt in under RCW 36.70A.040(2). *See* LAWS OF 1990, 1st Ex.

Sess., ch. 17, § 4. Counties subject to the GMA must adopt a comprehensive plan. RCW 36.70A.040(3), (4). Despite not meeting the population criteria, Pacific County's commissioners in 1990 elected to prepare a comprehensive plan governed by the GMA.

Under RCW 36.70A.170(1)(a), a comprehensive plan must designate "[a]gricultural lands that are not already characterized by urban growth and that have long-term significance for the commercial production of food or other agricultural products." In 1997, Pacific County adopted Ordinance No. 147, declaring that its only agricultural products with long-term commercial significance were aquaculture, cranberries, and other bog-related products. Pacific County incorporated this declaration into the comprehensive plan it adopted in 1998. That plan defined " 'agricultural land of long-term significance' to include all land that is devoted to the production of aquaculture, cranberries, and/or other bog related crops." Administrative Record (AR) at 1387.

The GMA further requires counties periodically to review and, if needed, to revise their comprehensive plans. RCW 36.70A.130. Pacific County adopted an updated comprehensive plan in 2010. The updated 2010 comprehensive plan contained several amendments to the section on agricultural lands. The updated plan also added new maps.

Futurewise petitioned the Western Washington Growth Management Hearings Board (Board) to review Pacific County's 2010 updated comprehensive plan, seeking a declaration that the updated plan violated the GMA and therefore was invalid. The Board granted Futurewise's petition in part but rejected its challenge to the updated plan's agricultural lands section.

2

No. 43643-4-II

Futurewise filed a petition for judicial review of the Board's order. The superior court affirmed the Board's order. Futurewise appeals.[1]

ANALYSIS

A.    STANDARDS OF REVIEW

1.    Administrative Procedure Act Standards

The Administrative Procedure Act (APA), chapter 34.05 RCW, governs our review of the Board's order. *Quadrant Corp. v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 154 Wn.2d 224, 233, 110 P.3d 1132 (2005). We sit in the same position as the superior court and apply the APA standards directly to the record before the agency. *City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 136 Wn.2d 38, 45, 959 P.2d 1091 (1998). In other words, we review the Board's order, not the superior court's decision. *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 553, 14 P.3d 133 (2000). The party asserting the invalidity of an administrative order bears the burden of showing that the order is invalid. RCW 34.05.570(1)(a); *King County*, 142 Wn.2d at 552.

RCW 34.05.570(3) sets out nine grounds for invalidating an administrative order. *King County*, 142 Wn.2d at 553. Futurewise asserts two. First, Futurewise argues that the Board erroneously interpreted or applied the law. RCW 34.05.570(3)(d). We review the Board's legal conclusions de novo. *King County*, 142 Wn.2d at 553. The Board's interpretation of the GMA deserves substantial weight, but it is not binding on the courts. *Thurston County v. W. Wash. Growth Mgmt. Hearings Bd.*, 164 Wn.2d 329, 341, 190 P.3d 38 (2008).

---

[1] The Board has declined to participate in this appeal.

3

Second, Futurewise argues that substantial evidence does not support the Board's order. RCW 34.05.570(3)(e). Such a challenge presents us with a mixed question of law and fact. *City of Arlington v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 164 Wn.2d 768, 779-80, 193 P.3d 1077 (2008). In reviewing that question, we determine the law independently and apply it to the facts found by the Board. *City of Arlington*, 164 Wn.2d at 779-80. We review challenged findings of fact for substantial evidence: evidence sufficient to persuade a fair-minded person of the finding's truth or correctness.[2] *City of Redmond*, 136 Wn.2d at 46.

2. Growth Management Act Standards

When a party challenges a comprehensive plan's compliance with the GMA, the Board must find compliance unless the challenged portion is clearly erroneous in view of the entire record and the GMA's goals and requirements. *Lewis County v. W. Wash. Growth Mgmt. Hearings Bd.*, 157 Wn.2d 488, 497, 139 P.3d 1096 (2006). The challenged portion is clearly erroneous if the Board has a firm and definite conviction that a mistake occurred. *Lewis County*, 157 Wn.2d at 497.

Significantly, the statutory requirement for counties to update their comprehensive plans does not create an " 'open season' " for all challenges to the entire comprehensive plan. *Thurston County*, 164 Wn.2d at 344 (internal quotation marks omitted) (quoting *Gold Star Resorts, Inc. v. Futurewise*, 140 Wn. App. 378, 390, 166 P.3d 748 (2007), *aff'd in part and rev'd in part on other grounds*, 167 Wn.2d 723, 726, 222 P.3d 791 (2009)). A party may challenge any *amendments* made in an updated comprehensive plan. *Thurston County*, 164 Wn.2d at 347. But a party may not challenge a county's *failure to revise* a comprehensive plan unless its

---

[2] Futurewise does not challenge any specific facts found by the Board; instead it assigns error to any findings of fact contained in the Board's decision.

No. 43643-4-II

provisions have been directly affected by newly adopted or recently amended GMA requirements. *Thurston County*, 164 Wn.2d at 344.

The Board determined that the legislature did not amend the GMA in any way between 1997 and 2010 that would affect Pacific County's designation of agricultural land. Futurewise does not challenge this determination. Accordingly, Futurewise can challenge only the portions of the comprehensive plan that Pacific County amended in 2010.

B.    THE UPDATED PLAN DID NOT ADOPT NEW DESIGNATION CRITERIA

Futurewise first argues that Pacific County's 2010 updated comprehensive plan adopted new criteria for designating agricultural land but then failed to update its designations of agricultural lands using the new criteria. The Board determined that the updated comprehensive plan did not adopt new criteria for designating agricultural lands. We agree with the Board and reject Futurewise's argument.

Futurewise focuses on two additions to the first portion of section 3.5.2. The first addition quoted RCW 36.70A.030(2)'s definition of "[a]gricultural land." The second addition stated a three-part definition of agricultural land from WAC 365-190-050(3) including a nonexclusive list of factors for determining whether land has long-term commercial significance for agriculture. This first portion of section 3.5.2 reads as follows (showing deletions and with additions underscored):

3.5.2    IDENTIFYING AND CLASSIFYING AGRICULTURE LANDS
Section 16 17 of the GMA (RCW 36.70A.160.170) requires counties to identify agricultural lands of long-term commercial significance. In addition, the GMA directs the Washington State Department of Community, Trade and Economic Development (CTED) to provide guidelines to counties for how to classify and designate such resource lands. RCW 36.70A.030(2) defines agricultural land as "land primarily devoted to the commercial production of horticultural, viticultural, floricultural, dairy, apiary, vegetable, or animal products or of berries, grain, hay, straw, turf, seed, Christmas trees not subject to the excise tax imposed

5

by RCW 84.33.100 through 84.33.140, finfish in upland hatcheries, or livestock, and that has long-term commercial significance for agricultural production."

WAC 365-190-050 identifies a three part test for designating agricultural land of long-term commercial significance. First, the land is not already characterized by urban growth. Second, the land is used or capable of being used for agricultural production. This factor evaluates whether lands are well suited to agricultural uses based primarily on their physical and geographic characteristics. Third, the land has long-term commercial significance for agriculture based on several applicable criteria including the following:

- Classification of prime and unique soils as mapped by the Natural Resources Conservation Services;
- Availability of public facilities, including roads;
- Tax status;
- Availability of public services;
- Relationship or proximity to urban growth areas and to markets and suppliers;
- Predominant parcel size;
- Land use settlement patterns and their compatibility with agricultural practices;
- Intensity of nearby land uses;
- History of land development permits issued nearby; and
- Land values under alternative uses.

*Compare* AR at 166-67 (2010 plan) *with* AR at 1387-88 (1998 plan).

WAC 365-190-050's test for designating agricultural land of long-term commercial significance apparently derives from *Lewis County*. In that case, our Supreme Court used a three-part test to define "agricultural land" as land that (1) is not already characterized by urban growth, (2) is primarily devoted to or capable of being used for the commercial production of agricultural products listed in RCW 36.70A.030(2), and (3) has long-term commercial significance for agricultural production. *Lewis County*, 157 Wn.2d at 502. The court further approved WAC 365-190-050's nonexclusive list of factors to determine whether land has long-

term commercial significance for agricultural production.[3] *Lewis County*, 157 Wn.2d at 501-02.

Futurewise asserts that by including RCW 36.70A.030(2)'s definition of agricultural land and WAC 365-190-050's three-part test and factors, the 2010 updated comprehensive plan adopted new criteria for designating agricultural land of long-term commercial significance. This argument fails for two reasons. First, nothing in the language of the updated comprehensive plan states that Pacific County was adopting new designation criteria for agricultural land of long-term commercial significance. A fair reading of section 3.5.2 is that Pacific County merely was identifying the relevant statutory and regulatory provisions pertaining to such agricultural land.

Second, WAC 365-190-050's three-part test already governed the designation of agricultural land of long-term commercial significance before Pacific County included the three-part test in its updated comprehensive plan. This portion of the regulation became effective on February 19, 2010, before Pacific County adopted its updated comprehensive plan on October 26, 2010. Wash. St. Reg. 10-03-085. Further, as noted above, this three-part test derives from *Lewis County*, a 2006 case. 157 Wn.2d at 502. These criteria already existed at the time Pacific County updated the comprehensive plan. Regardless of whether the updated comprehensive plan included a reference to WAC 365-190-050, Pacific County would have had to follow the its three-part test and *Lewis County* if it decided to reclassify agricultural land of long-term

---

[3] After *Lewis County*, WAC 365-190-050 was amended twice in 2010. The first amendment adopted language very similar to *Lewis County*'s three-part definition of agricultural land. Wash. St. Reg. 10-03-085 (Feb. 19, 2010). The second amendment distinguished "[r]elationship or proximity to urban growth areas" and "[p]roximity to markets" as separate factors. Wash. St. Reg. 10-22-103 (Dec. 3, 2010). These amendments do not alter our analysis.

commercial significance. Accordingly, the revisions to section 3.5.2 did not adopt new criteria for the designation of agricultural lands of long-term commercial significance.

We hold that Pacific County's references to RCW 36.70A.030(2)'s definition of "agricultural land" and WAC 365-190-050's three-part test and factors in the 2010 updated comprehensive plan did not adopt new criteria for designating agricultural land of long-term commercial significance. Accordingly, we affirm the Board's decision on this issue.

C.   THE UPDATED PLAN DID NOT DEVIATE FROM THE STATUTORY DEFINITION

Futurewise next argues that section 3.5.2 of Pacific County's 2010 updated comprehensive plan violated the GMA by deviating from the statutory definition of "agricultural land" as stated in *Lewis County*. The Board determined that Futurewise failed to demonstrate that the language of section 3.5.2 violated the GMA. We agree with the Board and reject Futurewise's argument.

In defining agricultural land, the GMA refers to land devoted to several categories of agricultural products. RCW 36.70A.030(2) defines "[a]gricultural land" as

> land primarily devoted to the commercial production of horticultural, viticultural, floricultural, dairy, apiary, vegetable, or animal products or of berries, grain, hay, straw, turf, seed, Christmas trees not subject to the excise tax imposed by RCW 84.33.100 through 84.33.140, finfish in upland hatcheries, or livestock, and that has long-term commercial significance for agricultural production.

The 2010 updated comprehensive plan quotes this definition verbatim. But Futurewise claims that other portions of the updated plan are inconsistent with RCW 36.70A.030(2) because they differ from the text of *Lewis County*, 157 Wn.2d at 502. We disagree because the updated plan correctly stated the statutory definition of "agricultural land."

Initially, Futurewise argues that the second part of the WAC 365-190-050 three-part test stated in section 3.5.2 is not identical to the second part of *Lewis County*'s definition of

"agricultural land." WAC 365-190-050 states, "Second, the land is used or capable of being used for agricultural production." The court in *Lewis County* stated the second part as land "that is primarily devoted to the commercial production of agricultural products *enumerated in RCW 36.70A.030(2)*." 157 Wn.2d at 502 (emphasis added). Futurewise points out that the phrase "enumerated in RCW 36.70A.030(2)" was omitted from section 3.5.2.

However, nothing in the GMA requires counties to use any mandatory language in order to comply with act requirements. *See* RCW 36.70A.3201 (referencing the "broad range of discretion that may be exercised by counties and cities consistent with the requirements of [the GMA]"); *Viking Props., Inc. v. Holm*, 155 Wn.2d 112, 125-26, 118 P.3d 322 (2005) (interpreting the GMA "with the requisite flexibility to allow local governments to accommodate local needs"). The only issue is whether the language used satisfies the statutory requirement to identify agricultural land of long-term commercial significance. *See* RCW 36.70A.170(1)(a). Pacific County's 2010 updated comprehensive plan does identify such agricultural land. In any event, Futurewise's argument fails because the updated comprehensive plan not only referred to the products enumerated in RCW 36.70A.030(2), but also quoted the statute verbatim.

Futurewise also emphasizes that the second part of section 3.5.2 states that agricultural land in Pacific County is "devoted to the production of aquaculture, cranberries, and/or other bog related crops," again without listing every product enumerated in RCW 36.70A.030(2). AR at 167. But "agricultural lands" must, by definition, have long-term commercial significance for agricultural production. RCW 36.70A.030(2); *Lewis County*, 157 Wn.2d at 502. Pacific County determined in 1997 that aquaculture, cranberries, and other bog-related crops were its only

9

agricultural products of long-term commercial significance.[4] Pacific County did not amend this determination in the updated plan. Accordingly, Futurewise cannot challenge this portion of section 3.5.2. *Thurston County*, 164 Wn.2d at 344-45.

Finally, Futurewise notes that the last paragraph of section 3.5.2 of the 2010 updated comprehensive plan fails to mention that agricultural land cannot already be characterized by urban growth and to state RCW 36.70A.030(10)'s definition of " '[l]ong-term commercial significance.' " Br. of Appellant at 27. But these omissions also occurred in the 1998 comprehensive plan; and Pacific County did not amend these provisions in the 2010 updated plan. Accordingly, Futurewise cannot challenge Pacific County's failure to revise the comprehensive plan to include the omitted statements. *See Thurston County*, 164 Wn.2d at 344-45.

We hold that Futurewise cannot show any deficiency in the language of the second part of the WAC 365-190-050 test referenced in section 3.5.2 of Pacific County's 2010 updated comprehensive plan and that it cannot challenge Pacific County's failure to amend other portions of section 3.5.2. Accordingly, we affirm the Board's decision on this issue.

---

[4] Pacific County Ordinance No. 147 (effective April 11, 1997) specified, "Agricultural land of long-term commercial significance includes all land that is devoted to the production of aquaculture, cranberries, and/or other bog related crops." AR at 767. Seeking to revisit this categorization, Futurewise claims that "neither the County nor the Board cite to any evidence that the . . . 1997 decision is still relevant." Br. of Appellant at 25. But Futurewise bears the burden of showing the invalidity of the Board's order. RCW 34.05.570(1)(a); *King County*, 142 Wn.2d at 552. It has failed to meet this burden. Further, the decisions Pacific County made when adopting its 1998 comprehensive plan cannot be relitigated in a legal challenge to the updated comprehensive plan because the GMA has not changed. *See Thurston County*, 164 Wn.2d at 344-45.

D.    THE UPDATED PLAN DID NOT INCLUDE AGRICULTURAL LANDS IN ITS RURAL ELEMENT

Futurewise further argues that Pacific County violated the GMA because the 2010 updated comprehensive plan contained new maps in which agricultural lands were labeled "Rural Agricultural." Br. of Appellant at 28-30. Futurewise appears to argue that this label improperly included agricultural lands in the rural element of Pacific County's updated comprehensive plan. We disagree.

A county's comprehensive plan must "include a rural element including lands that are not designated for urban growth, agriculture, forest, or mineral resources." RCW 36.70A.070(5). A comprehensive plan's rural element cannot include natural resource areas such as agricultural lands. *Thurston County*, 164 Wn.2d at 357.

Pacific County's 2010 updated comprehensive plan contains new land use maps. These maps apply a single label, "Rural Agricultural," to show both agricultural lands and other rural lands that are used for agriculture.[5] AR at 118-23, 128-29, 167. But contrary to Futurewise's argument, the maps do not include agricultural lands of long-term commercial significance in the rural element. The updated comprehensive plan contains both a "Land Use [and] Rural Areas Element" (section 2) and a separate "Critical Areas [and] Resource Lands Element" (section 3), which includes a section on agricultural lands (section 3.5). AR at 41, 43 (boldface omitted). Because these elements remain separate, the updated comprehensive plan does not improperly include agricultural lands of long-term commercial significance within the rural element. *See Thurston County*, 164 Wn.2d at 357. We hold that Futurewise's challenge to the new maps fails.

---

[5] The Board determined that the "Rural Agricultural" label includes agricultural lands of long-term commercial significance as well as all other agricultural activities outside of urban areas.

No. 43643-4-II

E.    CONCLUSION

The Board was bound to find that the updated comprehensive plan complied with the GMA unless it was clearly erroneous. *Lewis County*, 157 Wn.2d at 497. Because the Board's order did not (1) misapply or misinterpret the law or (2) lack the support of substantial evidence, we do not invalidate its order. *See King County*, 142 Wn.2d at 553. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
HUNT, J.

_____
JOHANSON, A.C.J.

12